IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CLIFFORD H. WOODALL,**

**Plaintiff,**

**v.**

**THE VILLAGE OF WASHINGTON PARK,
ILLINOIS, THE WASHINGTON PARK
POLICE COMMITTEE, and COL.
WENDELL WILSON,**

**Defendants.**                                         No. 02-CV-0597-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before the Court is Defendant Wilson's motion to strike (Doc. 20). Specifically, Wilson moves to strike Woodall's prayer for punitive or exemplary damages in Count III because he is immune from punitive damages under **42 U.S.C. § 1983** in his official capacity. Woodall contends that the motion to strike should be denied because punitive damages may be awarded against a municipal official sued in his individual capacity (Doc. 55). Based on the following, the Court grants in part and denies in part the motion to strike.

On January 12, 2006, Clifford H. Woodall filed a seven-count amended complaint against the Village of Washington Park, Illinois, the Washington Park Police Committee, and Col. Wendell Wilson (Doc. 46). Woodall alleges violations of

**42 U.S.C. § 1983** against the Village of Washington Park (Count I), the Washington Park Police Committee (Count II), and Col. Wendell Wilson in his official and individual capacities (Count III). Woodall also alleges breach of contract against the Village of Washington Park (Count IV), mandamus against the Village of Washington Park (Count V) and Col. Wendell Wilson (Count VI) and breach of contract against the Village of Washington Park (Count VII).

Woodall claims that he was fired from his employment as a part-time officer for the Village of Washington Park on January 24, 2002. Woodall alleges that he was terminated without just cause and without written notice or an opportunity to be heard in his own defense. Woodall also alleges that Col. Wilson retaliated against him after he "spoke out on matters of public concern including, but not limited to, his political affiliations with local government officials and his observations that Col. Wendell Wilson was intoxicated on several occasions while on duty for, and while driving his police vehicle provided by, the Village of Washington Park." (Doc. 46: Count 1, ¶ 10; Count III, ¶ 11; Count V, ¶ 9; and Count VI, ¶ 8). Specifically, Woodall alleges that Col. Wilson knowingly made various misrepresentations to the Illinois Law Enforcement Training and Standards Board ("the Board") which resulted in the Board rescinding Woodall's training certification.

Here, Count III contains allegations that Wilson is being sued both in his official *and* individual capacities (Doc. 46; Count III, ¶ 5). Official capacity suits are actions against the government entity of which the official is a part. ***See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 870 (7th Cir. 1983)**. To sue Wilson in his official

capacities means that Woodall is really suing a governmental entity: the Village of Washington Park. The law is clear that official capacity claims seeking *money* damages from Wilson may not be sustained under **§ 1983**. ***See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001)**. Thus, Woodall may not seek punitive or exemplary damages from Wilson in his official capacity. However, the law is also clear that punitive damages may be recovered against a government actor in an individual capacity suit. *Id*. **(citing *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991))**. Therefore, Woodall may seek punitive or exemplary damages from Wilson in his individual capacity under **§ 1983**.

Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendant Wilson's motion to strike punitive or exemplary damages (Doc. 54). The Court **STRIKES** the prayer for punitive or exemplary damages in Count III of the amended complaint as to the official capacity claim against Wilson. Woodall may seek punitive or exemplary damages from Wilson in his individual capacity under § 1983.

**IT IS SO ORDERED.**

Signed this 28th day of March, 2006.

/s/      David   RHerndon
**United States District Judge**