IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CLIFFORD H. WOODALL,**

**Plaintiff,**

v.

**THE VILLAGE OF WASHINGTON PARK, ILLINOIS, THE WASHINGTON PARK POLICE COMMITTEE, and COL. WENDELL WILSON,**

**Defendants.**                                   No. 02-CV-0597-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

I. Introduction

Pending before the Court is the Village of Washington Park, Illinois' motion to dismiss (Doc. 53). Specifically, the Village of Washington Park, Illinois ("Washington Park") moves to dismiss Count VII of Plaintiff's First Amended complaint arguing that it is clear that Washington Park did not agree to a consent judgment in the amount of $100,000 being entered against it, thus, Plaintiff's breach of contract claim in Count VII must be dismissed with prejudice. Plaintiff opposes the motion maintaining that Count VII alleges an offer of settlement terms to Washington Park and alleges a clear and unequivocal acceptance by Washington Park to Plaintiff's offer (Doc. 59). Based on the following, the Court grants Washington

Park's motion to dismiss.

On January 12, 2006, Clifford H. Woodall filed a seven-count amended complaint against Washington Park, the Washington Park Police Committee, and Col. Wendell Wilson (Doc. 46). Woodall alleges violations of **42 U.S.C. § 1983** against Washington Park (Count I), the Washington Park Police Committee (Count II), and Col. Wendell Wilson in his official and individual capacities (Count III). Woodall also alleges breach of contract against Washington Park (Count IV), mandamus against the Village of Washington Park (Count V) and Col. Wendell Wilson (Count VI) and breach of contract against Washington Park (Count VII).

Woodall claims that he was fired from his employment as a part-time officer for the Village of Washington Park on January 24, 2002. Woodall alleges that he was terminated without just cause and without written notice or an opportunity to be heard in his own defense. Woodall also alleges that Col. Wilson retaliated against him after he "spoke out on matters of public concern including, but not limited to, his political affiliations with local government officials and his observations that Col. Wendell Wilson was intoxicated on several occasions while on duty for, and while driving his police vehicle provided by, the Village of Washington Park." (Doc. 46: Count 1, ¶ 10; Count III, ¶ 11; Count V, ¶ 9; and Count VI, ¶ 8). Specifically, Woodall alleges that Col. Wilson knowingly made various misrepresentations to the Illinois Law Enforcement Training and Standards Board ("the Board") which resulted in the Board rescinding Woodall's training certification. Furthermore, in Count VII, Woodall alleges:

> "In late July and early August 2005, Plaintiff and Defendant Village of Washington Park, through their authorized agents and counsel, Clay B. St. Clair and Stephen R. Clark, entered into a settlement agreement whereby Defendant agreed, among other things, to (a) enter into a consent judgment for One Hundred Thousand Dollars ($100,000) in favor of Plaintiff and against Defendant Village of Washington Park in the above captioned matter, and (b) execute and deliver a letter to the Illinois Training Board containing specific language agreed upon by the parties. As consideration, Plaintiff agreed to dismiss his causes of action against Defendant Village of Washington Park in the above captioned matter upon Defendant's completion of tasks it agreed to perform."

(Doc. 46; Count VII, ¶ 7). Woodall alleges that the agreement was made both orally and in writing, that the writings are attached to his First Amended Complaint as Exhibits C & D, and that "Defendant partially performed its end of the contract by executing and forwarding to the Illinois Training Board a letter containing specific language agreed upon by the parties." (Doc. 46; Count VII, ¶ ¶ 8 & 9). Count VII also alleges that Defendant breached the contract by refusing to enter into the consent judgment. (Doc. 46; Count VII, ¶ 10).

## II. Motion to Dismiss

**Rule 12(b)(6)** motion to dismiss is used to test the legal sufficiency of a complaint. ***Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990)**. In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. ***Bontkowski v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993)**; ***Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991)**. The

allegations of a complaint should not be dismissed under this rule unless it is patently clear that the plaintiff cannot prove any set of facts in support of the claim that could entitle him to relief.  ***See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)**. A pleading need only convey enough information that the defendant is able to understand the gravamen of the complaint.  ***Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.,* 184 F.3d 623, 627 (7th Cir. 1999)**.

While the court accepts the plaintiff's allegations as true for purposes of a motion to dismiss, "when a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations."  ***Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998)**.  Documents attached to the complaint are part of the pleadings and if those documents do not support the allegations, then a plaintiff can effectively plead itself out of court.  ***Thompson v. Illinois Department of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002)("[W]here a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim.");  *In the Matter of Wade,* 969 F.2d 241, 249 (7th Cir. 1992)**.

Here, Exhibit C (a July 8, 2005 letter from Plaintiff's attorney, Clay B. St. Clair, to then Defendant's attorney, Stephen R. Clark) to the First Amended Complaint reads in part:

> "Pursuant to our telephone conversation on June 29, 2005, please be advised that my client would be willing to settle this case against the

> Village of Washington Park in exchange for the Village's entry into a consent judgment in the amount of $100,000.00 along with execution and delivery of a letter to the Illinois Training Board stating something along the lines of the following: ..."

(Doc. 46; Exhibit C). And Exhibit D (a August 1, 2005 letter from then Defendant's attorney Stephen R. Clark to Plaintiff's attorney Clay B. St. Clair) states:

> "Please be advised that my client accepted your settlement offer. We will agree to a claim of $100,000.00, and your client will cast his ballot in favor of approving the plan reorganization. Furthermore, the Village, through chief of police, Isadore Chambers, will mail the letter with the text as was proposed in your settlement letter. Please prepare an order to that effect so that I may electronically file it with the Bankruptcy Court."

(Doc. 46, Exhibit D). Washington Park argues that Plaintiff's Exhibit D referenced his complaint clearly contradicts Plaintiff's allegations that Washington Park agreed that a consent judgment be entered against it and in favor of Plaintiff. Washington Park further argues that Exhibit D contains no language whatsoever that it agreed that a consent judgment be entered against it in any dollar amount. Washington Park also contends that Exhibit D demonstrates that there was not a meeting of the minds of the material terms of the agreement. Washington Park alternatively argues that Exhibit D is nothing more than evidence of a counter offer to the plaintiff's settlement demand reflected in Exhibit C. On the other hand, Plaintiff contends that Washington Park's counsel, Mr. Clark, clearly stated that Washington Park accepted the offer proposed in Exhibit C. The First Amended Complaint alleges an offer of settlement terms to the Defendant and alleges a clear and unequivocal acceptance of

Plaintiff's offer and Exhibits C and D fully support these allegations.

Based on the allegations in Count VII of the First Amended Complaint and the documents attached, the Court agrees with Washington Park. The language "and will cast our ballot for the plan of reorganization....." clearly suggests that part of the settlement was the vote (Doc. 46, Exhibit D). The conjunctive and shows an additional condition of the bargain that does not exist in the first communication. The complaint does not allege any other means of communication which conveyed this additional condition of the agreement, instead alleging that the mentioned communications constituted the entire agreement. Thus, the Court finds that there could not be a meeting of the minds and that Exhibit D does contradict the allegations of the First Amended Complaint. The exhibit trumps the allegations in the First Amended Complaint and there was no contract.

### III. Conclusion

Accordingly, the Court **GRANTS** Washington Park's motion to dismiss (Doc. 53). The Court **DISMISSES with prejudice** Count VII of the First Amended Complaint.

**IT IS SO ORDERED.**

Signed this 26th day of April, 2006.

/s/      David  RHerndon
**United States District Judge**